Filed 1/22/26  P. v. Garcia CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B344414 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA507404) |
| v. | |
| ANGEL BENJAMIN GARCIA, | |
| Defendant and Appellant. | |

Angel Benjamin Garcia (defendant) appeals his judgment of conviction for possession of a weapon in a penal institution. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On October 14, 2025, we sent defendant a letter notifying him of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record and, finding no arguable issues, affirm the judgment.

In May 2022, while defendant was housed in the Los Angeles County Jail, sheriff's deputies conducted a routine search of the cell he shared with another inmate. Before initiating the search, deputies directed both inmates to lie on their respective bunks, then stand and exit the cell. During the search, deputies discovered a sharpened instrument concealed beneath defendant's mattress, along with an identification wristband assigned to defendant that he was required to wear. Defendant later admitted to a deputy that the shank belonged to him.

In April 2023, a jury convicted defendant of possession of a weapon (Pen. Code, § 4502, subd. (a)).[1]

At his sentencing hearing in February 2025,[2] defendant admitted that his 2011 conviction for voluntary manslaughter (§ 192, subd. (a)) constituted a "strike" within our Three Strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)). The trial court dismissed the prior strike allegation pursuant to *People v. Superior Court (Romero)* (1970) 13 Cal.4th 497 and imposed a one-year state prison term to be served consecutively to the sentence defendant was already serving.

Defendant filed a timely notice of appeal.

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has fully complied with their responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] In January 2025, defendant pled guilty to a 2021 kidnapping (§ 207, subd. (a)) and attempted murder (§§ 187, subd. (a), 664, subd. (a)), and was sentenced to a term of 13 years and four months in state prison.

2

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, P. J.

HOFFSTADT

We concur:

_____, J.

BAKER

_____, J.

MOOR